filed in open court 10/26/17 [initials]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal Action No. 17-48-LPS |
| **DONALD RICE,** | |
| Defendant. | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, and Lesley F. Wolf and Laura D. Hatcher, Assistant United States Attorneys, and the Defendant, Donald Rice, by and through his attorney, Edson Bostic, Esq., the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Counts One, Four, and Seven of the Indictment, which charge him with wire fraud, in violation of 18 U.S.C. § 1343; and making a false statement on a tax return, in violation of 26 U.S.C. § 7206(1).

2. The Defendant understands that the charges against him in Counts One and Seven of the Indictment carry the following maximum statutory penalties: twenty (20) years of imprisonment, a $250,000 fine, three (3) years supervised release, and a $100 special assessment. The Defendant also understands that the charge against him in Count Four of the Indictment carries with it the following maximum statutory penalties: three (3) years of imprisonment, a $100,000 fine, one (1) year of supervised release, and a $100 special assessment.

3. The Defendant understands that if he were to proceed to trial, the United States would have to prove each of the following elements beyond a reasonable doubt:

(a) As to Counts One and Seven: (1) that there was a scheme or artifice to defraud; (2) that the Defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and (3) that in advancing, furthering, or carrying out the scheme, the Defendant caused interstate wire communications to take place as specified in the Indictment; and

(b) As to Count Four: (1) the Defendant made and subscribed a return, statement, or other document which was false as to a material matter; (2) the return, statement or other document contained a written declaration that it was made under the penalty of perjury; (3) Defendant did not believe the return, statement or other document to be true and correct as to every material matter; and (4) the Defendant acted willfully.

4. The Defendant knowingly, voluntarily, and intelligently admits that he is guilty as to Counts One, Four, and Seven of the Indictment and further admits to the facts as set forth in the Indictment.

5. Based on information known to the government as of the date of this Memorandum of Plea Agreement, the parties stipulate and agree that the amount of loss as to Count One, for purposes of United States Sentencing Guideline § 2B1.1(b)(1)(I), including relevant conduct as defined in U.S.S.G. § 1B1.3, is greater than $1,500,000, but less than $3,500,000. Based on information known to the government as of the date of this Memorandum of Plea Agreement, the parties further stipulate and agree that the amount of loss as to Count Seven, for purposes of United States Sentencing Guideline § 2B1.1(b)(1), including relevant conduct as defined in U.S.S.G. §

1B1.3, is greater than $95,000, but less than $150,000. The Defendant further agrees not to contest the applicability of the following sentencing enhancements:

> (a) As to Counts One and Seven, the Defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offenses, pursuant to U.S.S.G. § 3B1.3.

6. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

7. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The Defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

8. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

9. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

10. The Defendant agrees to forfeit all interests in any and all currency and property involved in the offenses charged in the Indictment or traceable to such property, including the entry of a money judgment. The Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the Defendant will promptly consent to the preliminary order of forfeiture becoming final as to the Defendant before sentencing if requested by the government to do so.

11. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

(a) The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than thirty (30) days subsequent to the defendant's change of plea hearing, the defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

(b) Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide to the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the discretion of the government, the defendant will participate in a deposition in aid of collection of restitution, which may occur any time between the entry of the guilty plea and entry of judgment.

(c) Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline

Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

12. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

13. The Defendant agrees to pay the Special Assessment of $300 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if the Defendant is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

14. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification

requirements of this paragraph.

|  |  |
|---|---|
| _____<br>Edson Bostic, Esquire<br><br>Attorney for Defendant<br><br>_____<br>Donald Rice<br>Defendant | DAVID C. WEISS<br>ACTING UNITED STATES ATTORNEY<br><br>By: _____<br>Lesley F. Wolf<br>Laura D. Hatcher<br>Assistant United States Attorneys |

Dated:

**AND NOW**, this 26th day of October, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE LEONARD P. STARK
CHIEF UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF DELAWARE